No. 42,565

ARMANDO CORPOLONGO and ROSE CORPOLONGO, *Appellants,* v.
VINCENT SAIA, *Appellee.*

(369 P. 2d 345)

Opinion filed March 3, 1962.

*A. Staneart Graham,* of Pittsburg, argued the cause, and was on the briefs for appellants.

*Keeth R. Jones,* of Pittsburg, argued the cause, and was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This was an action to recover damages for false representations. The district court sustained the defendant's motion for judgment on the pleadings and the plaintiffs have appealed.

Plaintiffs commenced this action on March 22, 1960. The petition is summarized and quoted as follows: Plaintiffs are husband and wife and reside in Frontenac, Crawford County, Kansas. On March 5, 1952, defendant was the owner of Lot 7 in Block 8 in the Cherokee and Pittsburg Coal and Mining Company's First Addition to the City of Frontenac, and on that date he sold the real property to the plaintiffs. The petition alleged:

". . . That said defendant represented to said plaintiffs and led them to believe, that the northern boundary line of said lot was 25 feet north of the house located on said land aforesaid and that said plaintiffs relying on the statements of said defendant did purchase the above described land and the house located thereon on March 5, 1952.

"That on March 21, 1960, the said plaintiffs had a survey made of said land aforesaid and the survey revealed that the house located on the aforesaid land extends some two feet over on the lot adjacent to the land purchased by plaintiffs, which is Lot Nine (9) in the aforesaid block and addition, and that said Lots Nine and Eleven are now owned by the defendant.

"That the said defendant is a non-resident of the State of Kansas, and his post office address and residence is 7601 Union Avenue, Cleveland, Ohio."

Plaintiffs alleged they had been damaged in the amount of $3,000 by the defendant's false representations. The prayer was that they recover judgment against the defendant in that amount.

The defendant answered and admitted that he was a nonresident of Kansas and that his correct post-office address was 7601 Union Avenue, Cleveland, Ohio; that he sold the property in question to plaintiffs on March 5, 1952; that on the date of the sale, all improvements were located well within the boundary lines of Lot 7; that he was the owner of Lot 9 in the described addition to the city of Frontenac, and denied each and every allegation and statement in the plaintiffs' petition except those specifically admitted.

In his cross-petition defendant alleged that subsequent to the sale of the real estate to plaintiffs, the buildings located on the premises were destroyed by fire and that a new dwelling was built by plaintiffs on part of Lot 7 and extended two feet over and onto Lot 9 in the described addition to the city of Frontenac, and that by virtue of his ownership of the legal title to Lot 9, he was entitled to possession thereof, but that the plaintiffs unlawfully and wrongfully kept him out of possession of the two feet of Lot 9. The defendant prayed for judgment for possession of the two feet on Lot 9, and for costs of the action.

The plaintiffs filed a reply to the defendant's answer and cross-petition and denied all of the allegations in those pleadings in contravention to the allegations and statements set forth in their petition. Thereafter the defendant filed a motion for judgment on the pleadings upon the ground that the pleadings filed by the parties failed to state facts sufficient to constitute a cause of action against the defendant, and moved for entry of judgment in his favor and against the plaintiffs. The plaintiffs have appealed from the order sustaining that motion.

G. S. 1949, 60-309, provides in part:

"If when a cause of action accrues against a person he be out of the state . . . the period limited for the commencement of the action shall not begin to run until he comes into the state . . . and if after the cause of action accrues he depart from the state . . . the time of his absence . . . shall not be computed as any part of the period within which the action must be brought. . . ."

Notwithstanding the scarcity of facts alleged and admitted by the parties that the defendant has been and is presently a nonresident of the state of Kansas, the court is of the opinion it cannot be said that, giving those allegations all the reasonable inferences and intendments to which they are entitled, the petition did not allege a cause of action against the defendant. In view of the material issue of fact raised by the defendant's answer and cross-petition and

by plaintiffs' reply to those pleadings, the district court erred when it sustained the defendant's motion for judgment on the pleadings. Where material issues of fact are joined by the pleadings it is error to sustain a defendant's motion for judgment on the pleadings and to enter judgment for the defendant thereon. (*Dearborn Motors Credit Corporation v. Neel*, 184 Kan. 437, 337 P. 2d 992; *Young v. Barker*, 185 Kan. 246, 250, 342 P. 2d 150.)

The judgment is reversed.